# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARK MUCHMORE,**

       **Plaintiff,**

**vs.**                                                                 **No. CIV 11-01100  WDS**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits.  Having considered Plaintiff's Motion and Memorandum Brief [Doc. 20], Defendant's Response [Doc. 21], Plaintiff's Reply Brief [Doc. 22and the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted, and this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

## <u>Background</u>

Plaintiff was born on June 5, 1955 and has past relevant work experience as a waiter, consultant, non-profit director and chef.  Tr. 192.  Plaintiff applied for benefits on October 22, 2008.  Tr. 137-8.  He alleged that he became disabled as of August 1, 2001. Tr. 137-8. Plaintiff alleged that he was disabled as a result of HIV, Post Traumatic Stress Disorder (PTSD),

1

agoraphobia, pancreatitis and hypertension. Tr. 57-58, 137, 188, 220. Plaintiff's application was denied at the initial level, Tr. 57, and at the reconsideration level.  Tr. 59.  Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). Tr. 75-76.

A hearing was held on December 9, 2010 before ALJ Ann Farris, who heard testimony from Plaintiff.  Tr. 24-56.  The ALJ entered a decision on January 28, 2011 finding Plaintiff not disabled.  Tr. 15-19.  On February 18, 2011, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 11. The Appeals Council denied Plaintiff's request for review in December 2011, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals.  Tr. 1-5.  Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  Both parties consented to the undersigned hearing this matter pursuant to 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(b). [Doc. 4, 6]

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of

2

evidence.  *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act.  *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity.  *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds to step two.  *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe.  *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three.  *Id.* at 750-51.  At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment").  *Id.* at 751.  If so, the impairment is considered to be presumptively disabling.  *Id.*  If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work.  *Id.*

The claimant is not disabled if he or she can perform past work.  *Id.*  If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience."  *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)).  The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type

of job exists in the national economy."  *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 1, 2001, the alleged onset date. Tr. 17. The ALJ found at step two that Plaintiff had no severe impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months. Tr. 14.  Based on the step two finding, the ALJ concluded that Plaintiff was not disabled from the August 1, 2001 onset date through December 31, 2001, the date he was last insured.  Tr. 19.

Plaintiff alleges the following: (1) the ALJ erred in finding that Plaintiff did not have a severe impairment prior to his date last insured.

## Analysis

### 1) Did the ALJ Erroneously Conclude That Plaintiff Had No Severe Impairment?

Plaintiff alleges that his medical history and other evidence in the file establish that he has a "severe" mental impairment under applicable statutes and case law:

> The Supreme Court has adopted what is referred to as a "de minimus" standard with regard to the step two severity standard: "only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking" the sequential evaluation process.

*Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).  Plaintiff cites *Grotendorst v. Astrue*, 370 Fed. Appx. 879 (10th Cir. 2010) in arguing that the ALJ wrongly relied on Plaintiff's lack of treatment between August and December of 2001 as a basis for her conclusion that Plaintiff's mental impairment was not severe.

4

In response, Defendant notes an assortment of medical records indicating that, while Plaintiff sought some treatment for mental health issues in the late 1990s, and was diagnosed with PTSD in 2008, he was not receiving mental health treatment or complaining of problems with his mental health at the time period that is at issue in this case, August to December 2001. Defendant cites *Dixon v. Sullivan*, 905 F.2d 237 (8th Cir. 1990) for the proposition that the ability to work with an impairment for many years prevents a plaintiff from claiming that the impairment is disabling.  The Court notes, however, that the *Dixon* ruling applied to a step four finding that the plaintiff could perform past relevant work, not to a step two finding of non-severity.

Similarly, *Bean v. Chater*, 77 F3.d 1210 (10th Cir. 1995) is cited by Defendant for the proposition that a lack of regular and consistent medical treatment contradicts a claimant's allegation of a condition that limits his ability to work.  But again, the ALJ in *Bean* considered lack of medical treatment in evaluating the credibility of the claimant at step four, not in evaluating at step two whether the purported impairment was severe.  To the contrary, the Court agrees with Plaintiff that *Grotendorst* establishes that the amount, or lack, of treatment is irrelevant to the step two finding of severity:

> . . .the regulations set out exactly how an ALJ is to determine severity, and consideration of the amount of treatment received by a claimant does not play a role in that determination. This is because the lack of treatment for an impairment does not necessarily mean that the impairment does not exist or impose functional limitations. Further, attempting to require treatment as a precondition for disability would clearly undermine the use of consultative examinations. Thus, the ALJ failed to follow the regulations in reaching her determination that Ms. Grotendorst's mental limitations were not severe at step two of the sequential evaluation.

*Grotendorst v. Astrue*, 370 Fed. Appx. 879, 883 (10th Cir. N.M. 2010)  Further, *Grotendorst* sets

forth the correct step two approach when evaluating alleged mental impairments under §

404.1520a(b)(2):

> . . . once medically determinable mental impairments are found, the ALJ must "rate the degree of functional limitation resulting from the impairment(s)." The ALJ does this by rating the claimant's limitations in "four broad functional areas," which are: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." Id. § 404.1520a(c)(3). These ratings are then used to determine the severity of the mental impairment(s).

*Grotendorst v. Astrue*, 370 Fed. Appx. at 882.

In the Court's opinion the ALJ primarily, and erroneously, based her non-severe step two

finding on Plaintiff's lack of treatment at and around the alleged date of onset.  The Court sees

no evidence that the ALJ utilized the "special technique" required by regulation and case law.

*See* 20 C.F.R. § 404.1520a;  *Grotendorst v. Astrue*, 370 Fed. Appx. at 882.  Accordingly, this

matter will be remanded for further proceedings.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Reverse or Remand Administrative

Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social

Security for further proceedings consistent with these findings.

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**